FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 15, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAYDIN LEDFORD,<br><br>Defendant. | No. 2:19-CR-00049-RMP-1<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION GRANTED**<br>**(ECF No. 27)** |

At Defendant's April 15, 2019, detention review hearing, Defendant was present, in custody, with Federal Defender Andrea K. George. Assistant U.S. Attorney Patrick Cashman appeared for the United States.

The Court has reviewed Defendant's Motion for Release from Custody, **ECF No. 27**, United States' Response to Motion, **ECF No. 29**, the Pretrial Services Report, **ECF No. 5**, and the argument of counsel.

The United States opposed release of Defendant, arguing that his threats to shoot and kill specific law enforcement personnel and other public figures, combined with his resistance to mental health treatment, pose a significant danger to the community.

Defendant argued that he has no prior criminal history, would live with his mother who is informed regarding his mental illness, that he has not possessed and will not have access to firearms, will undergo mental health treatment and permit United States Probation to discuss his progress with the treatment provider, and that his treatment will be coordinated and monitored by the MSW social worker

ORDER - 1

employed in the office of the Federal Defender representing him.

Pursuant to 18 U.S.C. § 3142 the Court finds the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions that would reasonably assure this Defendant's presence at trial and has not established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community.

**IT IS ORDERED** Defendant's motion, **ECF No. 27**, is **GRANTED**. Defendant shall be released subject to the following conditions:

### STANDARD CONDITIONS OF RELEASE

**(1)** Defendant shall not commit any offense in violation of federal, state or local law.  Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement.  Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released, and shall reside at the address furnished, and shall not change his address without prior permission from the Court.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.  There shall be no firearms in the home where Defendant resides

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)**  Defendant shall contact defense counsel at least once a week.

**(8)**  Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)**  Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law.  Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)**  Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## ADDITIONAL CONDITIONS OF RELEASE

**(14)**  Defendant shall remain in the Eastern District of Washington while the case is pending.  By timely motion clearly stating whether opposing counsel and Pretrial Services object to the request, Defendant may be permitted to travel outside this geographical area.

**(15)**  Avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.  Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(17)**  Participate in mental health counseling and treatment as directed by the Pretrial Services Office.  Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records or opinions related to Defendant's conditions of release and supervision, and evaluation, treatment and performance.  It shall be the responsibility of defense counsel to provide such waivers.

ORDER - 3

**(27)** **Prohibited Substance Testing**: **If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.**  Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance.  Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

### HOME CONFINEMENT/ELECTRONIC/GPS MONITORING

**(28)** Defendant shall participate in one or more of the following home confinement program(s):

**Electronic Monitoring**: The Defendant shall participate in a program of electronically monitored home confinement.  The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation.  In the event the Defendant does not respond to electronic monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

OR

**GPS Monitoring**:  The Defendant shall participate in a program of GPS confinement.  The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation.  In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant.  The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

AND

ORDER - 4

**Curfew**: Defendant shall be restricted to his residence every day from 7:00 p.m. to 7:00 a.m.

**(31)** **Other**: Defendant is not to access the internet in any form.

**(32)** **Other:** Take all medications as prescribed.

If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED**.

DATED April 15, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 5