1  Joseph H. Harrington
2  United States Attorney
   Eastern District of Washington
3  Patrick J. Cashman
4  Assistant United States Attorney
   Post Office Box 1494
5  Spokane, WA 99210-1494
6  Telephone:  (509) 353-2767

7
                    UNITED STATES DISTRICT
8          FOR THE EASTERN DISTRICT OF WASHINGTON
9
10  UNITED STATES OF AMERICA,              2:19-CR-0049-RMP-1

11                        Plaintiff,       Motion for Review of the Order
12                                         Setting Conditions of Release
           v.
13                                         Notice of Hearing on Motion
14  JAYDIN H.W. LEDFORD,                   With Oral Argument
                                           April 16, 2019 - 10:00 a.m.
15                        Defendant.
16

17
        Plaintiff, United States of America, by and through Joseph H. Harrington,
18
19  United States Attorney for the Eastern District of Washington, and Patrick J.
20  Cashman, Assistant United States Attorney for the Eastern District of Washington,
21  pursuant to 18 U.S.C. § 3145, hereby moves the Court for Review of the Order
22  Setting Conditions of release by Magistrate Judge Rodgers.
23      In reviewing the Magistrate Judge's Order granting release from detention,
24  the District Court is to make its own *de novo* determination of facts; the ultimate
25  determination of propriety of detention is also to be decided without deference to
26  the Magistrate Judge's ultimate conclusion.  *United States v. Koenig*, 912 F.2d
27  1190 (9th Cir. 1990).
28

Motion for Review of the Order Setting Conditions of Release – 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This motion is based upon the facts and evidence presented which show that that no condition or combination of conditions will reasonably assure the the safety of the community pursuant to 18 U.S.C. § 3142.  Relevant facts and law supporting continued detention follow and will be set forth in further detail during the hearing on the motion.

The Defendant was indicted by a Grand Jury sitting in the Eastern District of Washington on March 5, 2019 for violations of 18 U.S.C. § 2261A, Cyberstalking, and 18 U.S.C. § 875(c), Threats in Interstate Communications.  On February 21, 2019, the Defendant made an initial appearance before this Court.  The United States moved for the Defendant's detention at that time. (ECF No. 4). After hearing arguments from both parties, the Court granted the United States' motion. The Defendant subsequently appeared for arraignment on March 6, 2019.

On April 15, 2019, the Magistrate Court held a hearing on the Defendant's motion for release. (ECF No. 27).  After hearing arguments from both parties, the Magistrate Court granted the Defendant's motion.  The Magistrate Court further imposed conditions of release. (ECF No. 31). The Government subsequently filed a motion to stay the Defendant's release and now appeals the Magistrate Court's ruling. (ECF No. 32).

Under 18 U.S.C. § 3142(g), the judicial officer shall consider certain factors in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.  These factors include:

(1)    the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including-

Motion for Review of the Order Setting Conditions of Release – 2

1

2

3

4

          (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

5

6

7

          (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law; and

8

9

   (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

10

18 U.S.C. § 3142(g)

11

     Here, the Government maintains that the Defendant is a risk to the

12

community and no condition or combination of conditions can reasonably assure

13

the safety of the community.

14

     The nature and circumstances of the offense charged as well as the nature

15

and seriousness of the danger to the community and any person all favor detention.

16

The Defendant is alleged to have threatened to kill multiple County Sheriffs if they

17

failed to comply with the recently adopted Washington State Initiative 1639.  As

18

noted in the Government's response to the Defendant's motion for release, the

19

Defendant was specifically targeting law enforcement officers. He was also

20

specifically espousing his intent to kill. At the most basic level, the Defendant has

21

shown he intends to be a violent individual. (ECF No. 29).  As such, the Defendant

22

is a clear and present danger to the community.

23

     The weight of the evidence also strongly favors detention.  As the

24

Government has detailed previously and will detail during the hearing on the

25

instant motion, the weight of the evidence against the Defendant is strong. While

26

case law dictates that this prong is the "least important" factor, the Court must

27

"consider the evidence in terms of the likelihood that [Defendant] will pose a

28

danger" as well as whether the evidence is strong and the penalties sufficient to

Motion for Review of the Order Setting Conditions of Release – 3

cause the Defendant to flee.  *United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008).

Finally, the characteristics of the Defendant favor detention.  Again, as noted in the Government's response to the Defendant's motion for release, any set of conditions imposed upon the Defendant are ultimately left to the dependability and willingness of the Defendant to comply.  The Defendant, in his past behavior, has indicated that he either is unwilling or unable to obtain the necessary treatment and medications to adequately address his mental health issues.  Moreover, all aspects of the Defendant's release plan are of a voluntary nature.  At any point, the Defendant could decide to stop treatment and/or stop taking his medications. The lack of a controlled environment to ensure compliance increases the Defendant's risk to the safety of the community.  As the Ninth Circuit has taken time to point out, any release conditions contain "an Achilles' heel ... virtually all of them hinge on the defendant's good faith compliance."  *Hir*, 517 F.3d at 1092 (internal citations omitted).  More strict release conditions are insufficient to ensure the Defendant's compliance with the Court's orders and protect the community.

The United States respectfully requests the Court grant its Motion for Detention.

Respectfully submitted: April 15, 2019.

Joseph H. Harrington
United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

Motion for Review of the Order Setting Conditions of Release – 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andrea George
Federal Defenders of Eastern Washington and Idaho

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

Motion for Review of the Order Setting Conditions of Release – 5