FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-CR-00049-RMP-1 |
| Plaintiff, | ORDER FOLLOWING PRETRIAL RELEASE REVOCATION AND DETENTION REVIEW HEARINGS |
| v. | |
| JAYDIN LEDFORD, | **MOTION GRANTED** (ECF No. 76) |
| Defendant. | |

On July 8, 2020 the Court held a hearing on Defendant's motion to review detention, **ECF No. 76**. Defendant appeared via video while in custody at the Spokane County Jail. Federal Defender Andrea George represented the Defendant and appeared by video at a different location. Assistant U.S. Attorney Patrick Cashman represented the United States and appeared by video at a separate location. At the time of the hearing, Defendant consented to proceeding by video teleconference.

United States Probation Officer Jonathan Bot testified and was cross-examined telephonically. Eric Hendrickson testified and was cross-examined via video. The Court has reviewed the records and files herein, notably the Petition for Action and associated report at **ECF No. 61**. The Court has also reviewed a twelve-page report from the Omak Police Department that was not entered into evidence but was available to all parties. The Court has considered the argument of counsel.

The Court has further considered 18 U.S.C. § 3142 as well as evidence of the nature and the circumstances of the offense to which Defendant has pleaded

ORDER - 1

guilty, his history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to alcohol and drug abuse, criminal history, record concerning appearance at court proceedings, and the nature and seriousness of the danger to the community that would be posed by Defendant's release.  *United States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991).

The Court finds that there are conditions which will reasonably assure the safety of the community and Defendant's appearance for further proceedings.

Accordingly, **IT IS ORDERED,** Defendant's motion, **ECF No. 76,** is **GRANTED.**  Defendant is released on the condition that he comply with the conditions of release previously imposed at **ECF No. 31**, and the following *additional conditions*:

**(18)**   Refrain from any possession or consumption of alcohol and shall submit to random urinalysis or sweat patch testing to monitor compliance with this condition, per previously imposed Condition No. 27.

**(19)**   There shall be no alcohol in the home where Defendant resides.

**(22)**   Defendant shall not possess or access pornography of any kind in any form, electronic or otherwise.  Defendant shall not have access to the internet, or to any device which is capable of accessing the internet, including but not limited to cell phones with internet access.

**Condition (28)** is *modified* to eliminate the requirement of location monitoring. **Defendant remains subject to a curfew requiring him to be in his home from 7:00 p.m. to 7:00 a.m. each day.**

**IT IS SO ORDERED.**

DATED July 9, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER - 2